<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MILAGROS FONTANEZ**, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civil Action No.: 16-1562 (ES) (JAD) |
| v. | OPINION |
| **STERN & EISENBERG, P.C.**, | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on Defendant Stern & Eisenberg's motion to dismiss Plaintiff Milagros Fontanez's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (D.E. No. 6). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court has considered the parties' submissions and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, the Court DENIES Defendant's motion.

**I. Factual Background and Procedural History**

Plaintiff Milagros Fontanez is an individual who, at some point prior to September 15, 2015, incurred and defaulted on a personal mortgage loan (the "Ocwen Mortgage") on her residence in Union, New Jersey. (D.E. No. 1, Class Action Complaint and Jury Demand, ("Compl.") ¶ 24; *see also* D.E. No. 9, Plaintiff's Opposition to Defendant's Motion to Dismiss

("Pl. Opp. Br.") at 2). Ocwen Loan Servicing, LLC ("Ocwen") serviced the Ocwen Mortgage. (Compl. ¶ 24).

Defendant Stern & Eisenberg is a professional corporation engaged in the business of foreclosing on security deeds and collecting on defaulted promissory notes for mortgage servicers and other entities in the State of New Jersey. (*Id.* ¶ 3). Plaintiff alleges that at some point prior to September 15, 2015, Ocwen "either directly or through intermediate transactions assigned, placed, or transferred" the Ocwen Mortgage to Defendant. (*Id.* ¶ 29).

On September 15, 2015, Defendant mailed a collection letter concerning the Ocwen Mortgage to Plaintiff (the "Collection Letter"). (*See* D.E. No. 1-1). The Collection Letter provides in relevant part:

> 3. Unless you dispute the validity of the debt or any portion thereof within 30 days of this letter, we will assume that the debt is valid. If you notify our office during the 30 day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment, if any, and a copy of such verification of the debt or a copy of a judgment, if any, will be mailed to you.
>
> Upon your written request within the 30 day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

(*Id.*). The Collection Letter also states the amount of the debt ($552,414.44) and to whom the debt was owed (Ocwen). (*Id.*). Plaintiff states that she read the Collection Letter upon receiving it. (Compl. ¶ 36).

That same day, Defendant alleges that it sent Plaintiff a second letter executed by Justin M. Strausser, Esq., which contained a "Notice Pursuant to the Fair Debt Collection Practice Act" (the "Strausser Letter"). (D.E. No. 6-3, Brief in Support of Defendant's Motion to Dismiss ("Def. Mov. Br.") at 2). The Strausser Letter provides in relevant part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this

> notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

(*Id.*). Defendant represents that it sent the Strausser Letter by certified mail and regular mail to the same address it sent the Collection Letter. (*Id.*). Defendant further represents that the "certified copy of the Strausser Letter went unclaimed by [Plaintiff]" and that the "copy of the Strausser Letter sent to [Plaintiff] by Regular Mail was not returned to Stern & Eisenberg." (*Id.*).

On March 21, 2016, Plaintiff brought suit pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and all others similarly situated, alleging that Defendant's collection practices violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Compl. ¶ 8). Specifically, Plaintiff asserts that Defendant violated § 1692g(a)(4) by providing instructional language that would confuse the least sophisticated consumer and make her uncertain as to what she must do to dispute the alleged debt. (*Id.* ¶¶ 60-63).

On May 24, 2016, Defendant filed the instant motion to dismiss. (D. E. No. 6). Plaintiff filed opposition on June 21, 2016. (Pl. Opp. Br.). The motion is now ripe for adjudication.

**II.   Legal Standard**

For a complaint to survive dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[1] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Furthermore, a district court deciding a motion to dismiss generally does not consider materials beyond the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). An "exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis in original). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### III.  Discussion

#### A.  The FDCPA

Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 996 (3d Cir. 2011) (quoting 15 U.S.C. § 1692(a)).

The FDCPA "imposes civil liability on debt collector[s] for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 573 (2010). "A debt collector who fails to comply with any [FDCPA] provision . . . with respect to any person is liable to such person for actual damage[s], costs, a reasonable attorney's fee as determined by the court, and statutory additional damages." *Id.* (quoting § 1692k(a)). Additionally, the FDCPA is a strict liability statute, so liability is imposed without proof of knowledge or intent. *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

Section 1692g(a) of the FDCPA specifically requires a debt collector to provide the following information to the debtor within five days after the initial communication with a consumer in connection with the collection of any debt:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Paragraphs 3 through 5 of § 1692g(a) comprise the validation notice, i.e., "statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 147 (3d Cir. 2013).

A validation notice "is to be interpreted from the perspective of the least sophisticated debtor." *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991). Under this standard, a collection communication violates the FDCPA "when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Caprio*, 709 F.3d at 149. The least-sophisticated-debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000), *as amended* (Sept. 7, 2000). To be sure, the least-sophisticated-debtor standard "does not go so far as to provide solace to the willfully blind or non-observant"; the debtor is still held to "a quotient of reasonableness, a basic level of understanding, and a willingness to read with care, and the debt collector accordingly cannot be held liable for bizarre or idiosyncratic interpretations." *Caprio*, 709 F.3d at 149. Whether language in a collection letter violates the FDCPA is a question of law. *Wilson*, 225 F.3d at 353 n.2.

### B. The Parties' Arguments

Defendant presents two primary arguments in support of its motion to dismiss. First, Defendant argues that it satisfied its obligation under § 1692g(a)(4) because the Collection Letter adequately advises Plaintiff that if Plaintiff disputes the debt in writing, Defendant will obtain verification of the debt. (*Id.* at 9). Second, Defendant argues that, in any event, it complied with its obligation under § 1692g(a)(4) because it sent the Strausser Letter—which contains a verbatim recitation of § 1692g's validation notice—within five days of initially contacting Plaintiff. (Def. Mov. Br. at 8-9).

In response, Plaintiff argues that the Court, as an initial matter, should not consider the Strausser Letter at the motion-to-dismiss stage because it is not part of the pleadings or otherwise a matter of public record. (Pl. Opp. Br. at 10). Consequently, Plaintiff argues that Defendant

violated § 1692g(a)(4) of the FDCPA because the Collection Letter fails to inform Plaintiff that only a written dispute notification will prompt the Defendant to obtain verification of the debt. (*Id.* at 9). In the alternative, Plaintiff argues that even if the Court considers the Strausser Letter, Plaintiff's Complaint states a legally sufficient claim because the Strausser Letter contains contradictory and overshadowing language that would leave the least sophisticated debtor guessing as to the proper method required to obtain debt verification. (*Id.* at 12).

### C. Plaintiff's Complaint Adequately States a Claim for Relief under the FDCPA

The Court finds that Plaintiff's Complaint adequately states a claim for relief under the FDCPA.[2] First, the Court finds that the Collection Letter, by itself, appears to omit the statutorily required notice that only a written dispute notification will prompt the Defendant to obtain verification of the debt. Second, the Court finds that, even if it considers the Strausser Letter, Plaintiff states a claim because it appears that the Collection Letter and the Strausser Letter, when read in conjunction, may fail to advise Plaintiff of the proper method required to obtain debt verification.

#### a. The Collection Letter

First, the Court rejects Defendant's argument that the Collection Letter, by itself, forecloses Plaintiff's FDCPA claim. The Collection Letter does not appear to advise Plaintiff that only a written dispute notification will prompt the Defendant to obtain verification of the debt. While the Collection Letter advises Plaintiff that a request for the name and address of the original creditor must be in writing, this instruction concerns § 1692g(a)(5) of the FDCPA. *See Beasley v. Sessoms & Rogers, P.A.*, No. 5:09-CV-43-D, 2010 WL 1980083, at *7 (E.D.N.C. Mar. 1, 2010) (finding

---

[2] For purposes of the Fair Debt Collection Practices Act ("FDCPA"), the Collection Letter is a "communication," Plaintiff is a "consumer," the Ocwen Mortgage is a "debt," and Defendant is a "debt collector." 15 U.S.C. §§ 1692a(2), (3), (5), and (6).

that debt collector violated FDCPA where communication satisfied § 1692g(a)(5) but not § 1692g(a)(4)). As the court in *Beasley* explained, "[a]lthough the language 'in writing' is included in the same paragraph as the notice regarding plaintiff's rights to dispute her debt, it is contained in a sentence concerning a request for the name of the original creditor." *Id.* Under these circumstances, the least sophisticated debtor "cannot be expected to make the inferential leap" that if a request for the name of the original creditor must be made in writing, then a dispute prompting verification of the debt must also be made in writing. *Id.*

Here, Plaintiff states a claim under § 1692g(a)(4) because the Collection Letter does not appear to advise Plaintiff that only a written dispute notification will prompt the Defendant to obtain verification of the debt. Accordingly, the Court finds that Plaintiff adequately states a claim under the FDCPA. *See Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d 841, 844-45 (E.D. Va. 2011); *Welker v. Law Office of Daniel J. Horwitz*, 699 F. Supp. 2d 1164, 1170 (S.D. Cal. 2010); *Bankston v. Phycom Corp.*, No. C 07-03982JF(PVT), 2007 WL 4170627, at *3 (N.D. Cal. Nov. 19, 2007).

### b. The Strausser Letter

Second, even assuming *arguendo* that the Court may consider the Strausser Letter,[3] the Court nonetheless finds that Plaintiff states a claim under the FDCPA because it appears that the Strausser Letter, when read in conjunction with the Collection Letter, may fail to advise Plaintiff that she must dispute the debt in writing to obtain verification of the debt. As discussed above, under the least-sophisticated-debtor standard, a collection communication violates the FDCPA "when it can be reasonably read to have two or more different meanings, one of which is

---

[3] The Court notes that Defendant failed to submit any argument why it is proper for the Court to consider the Strausser Letter on a motion to dismiss. Nevertheless, the Court concludes that the language contained in the Strausser Letter does not alter the Court's ultimate finding that Plaintiff adequately states a claim under the FDCPA.

inaccurate." *Caprio*, 709 F.3d at 149.  Moreover, the validation notice must not be overshadowed or contradicted by accompanying messages from the debt collector.  *Graziano*, 950 F.2d at 111.

As the Court explained above, it appears that the Collection Letter omits the statutorily required notice informing Plaintiff that she must dispute the debt in writing to obtain verification of the debt.  The fact that the Strausser Letter expressly advises Plaintiff of § 1692g(a)(4)'s writing requirement does not, by itself, necessarily eliminate the confusion stemming from the Collection Letter.  *See Caprio*, 709 F.3d at 149 (finding that defendant's collection letter violated § 1692g(a) even where it contained a proper validation notice because it also contained an improper solicitation for the debtor to dispute the debt by phone).  Indeed, the Strausser Letter does not indicate that it supersedes or otherwise controls over the Collection Letter; in fact, the Strausser Letter does not refer to the Collection Letter at all.  Accordingly, the Strausser Letter and the Collection Letter, when read in conjunction, convey two methods for obtaining verification of a debt: Plaintiff can dispute the debt (i) orally or (ii) in writing.  Therefore, Defendant's collection communications "can be reasonably read to have two or more different meanings, one of which is inaccurate."  *Id*.

Defendant argues that it complied with § 1692g(a) by sending a proper validation notice—i.e., the Strausser Letter—within five days of initially contacting Plaintiff.  (Def. Mov. Br. at 8). This argument is unavailing because, under the least-sophisticated-debtor standard, confusion can still arise even where the debtor receives a proper validation notice.  *See, e.g., Caprio*, 709 F.3d at 149.  Furthermore, Defendant's reliance on cases involving debt collectors that sent multiple collection letters but did not violate the FDCPA (*see* Def. Mov. Br. at 8) is unpersuasive, as those cases are easily distinguishable.

In *Brenker v. Creditors Interchage, Inc.*, the debt collector sent the plaintiff a letter containing a proper validation notice, then a second letter five days later containing the exact same validation notice. No. 03-6500, 2004 WL 594502 (D.N.J. Mar. 25, 2004). In that case, the only difference between the two letters is that the second letter identified Chase Bank as the original creditor and apologized for any inconvenience or confusion the original letter may have caused. *Id.* at *1. Accordingly, the *Brenker* court found that "the two letters created no reasonable possibility of confusion in derogation of the debtor's rights." *Id.* at *2. Similarly, in *Montgomery v. Trident Asset Mgmt., L.L.C.*, the debt collector sent two collection letters approximately eleven days apart, each containing a proper validation notice. No. 15-6617, 2016 U.S. Dist. LEXIS 62672, at *1 (D.N.J. May 12, 2016). The *Montgomery* court, adopting the reasoning from *Brenker*, found that the debt collector did not violate the FDCPA because the two letters did not create any reasonable possibility of confusion. *Id.* at 3. Finally, in *Bridges v. Performant Recovery, Inc.*, the debt collector sent two collection letters approximately one month apart, each containing a proper validation notice. No. 5:15-CV-38 (CAR), 2015 WL 8773340 (M.D. Ga. Dec. 14, 2015). Because both letters accurately reflected the validation notice set forth in § 1692g, the court found that the second letter did not overshadow or contradict the first letter. *Id.* at *4. These cases are inapposite because the Strausser Letter contained *different* instructions from the Collection Letter for obtaining verification of the debt. Thus, even considering the Strausser Letter, the Court finds that Plaintiff adequately states a claim under the FDCPA.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
